J-A04016-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IDS PROPERTY CASUALTY INSURANCE COMPANY, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 2546 EDA 2018 |
| JOANNE D. PIOTROWSKI AND STEPHEN X. PIOTROWSKI | : | |

Appeal from the Judgment Entered, September 18, 2018,
in the Court of Common Pleas of Chester County,
Civil Division at No(s):  2016-02339-MJ.

BEFORE:  LAZARUS, J., KUNSELMAN, J., and COLINS*, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED MAY 28, 2019**

IDS Property Casualty Insurance Company appeals the judgment entered against it in this declaratory judgment action for underinsured motor vehicle benefits.  Following a non-jury trial, the trial court declared that Joanne D. and Stephen X. Piotrowski were entitled to proceed against IDS for underinsured motorist benefits, and, further, that IDS was entitled to a credit only of $100,000, the tortfeasor's policy limit in the underlying case.  We affirm on the basis of the trial court's opinion.

The stipulated facts are fully set forth in the trial court's opinion.  Briefly, we note that Joanne Piotrowski was injured when the car she was driving was hit by a car driven by Ruth Edwards.  At the time, Edwards was insured by State Farm Mutual Automobile Insurance Company under a policy with bodily

_____
*Retired Senior Judge specially assigned to the Superior Court.

injury liability limits of $100,000. The Piotrowskis filed suit to recover damages.

Prior to trial, State Farm offered the Piotrowskis $36,001.00 to settle the case, which the Piotrowskis rejected. State Farm assured Edwards that if the case did not settle, State Farm would pay any amount awarded even if it exceeded her policy limits. Subsequently, a jury returned a verdict in favor of the Piotrowskis in excess of one million dollars ($1,000,000). After trial, but prior to the court's decision on Edwards' post-trial motion, the Piotrowskis settled the case with Edwards for $485,000.

Thereafter, the Piotrowskis sought underinsured motorist benefits under their policy with IDS. IDS filed the instant suit seeking a declaration that IDS was entitled to a credit of $485,000 for sums paid to the Piotrowskis for their injuries arising out of the automobile accident, rather than only the policy limits of $100,000, as asserted by the Piotrowskis. Following discovery, IDS additionally argued that Edwards was not an underinsured motorist. IDS sought to amend its complaint to include this, but the trial court never acted on its request.

Following a bench trial, the court first noted that IDS never alleged in its complaint that Edwards' vehicle was not an underinsured motor vehicle. Trial Court Opinion, 9/13/17, at 5. Nevertheless, the trial court concluded that Edwards' vehicle was an underinsured motor vehicle under Pennsylvania law and the IDS policy; the liability limit under Edwards' policy was $100,000 and never changed, even by the assurance letter. This limit was insufficient

to cover Ms. Piotrowski's damages. Thus, Ms. Piotrowski was entitled to proceed against IDS on her UIM claim. *Id.* at 5, 6-7.

Additionally, the trial court concluded that IDS was entitled only to a credit of the limit of liability under Edward's policy in the amount $100,000. *Id.* at 6-7. Although State Farm paid a total amount of $485,000 to the Piotrowskis, the trial court concluded that the additional amount paid over and above the policy limits, $385,000, "was not made because of Piotrowski's bodily injury, but rather to avoid a potential bad faith claim, including punitive damages." According to the IDS policy, IDS was entitled to a credit only for "the amount paid for bodily injury". *Id.* at 6 -7. Thus, the trial court allowed a credit for $100,000. Following the denial of IDS' post-trial motions, this timely appeal followed.

IDS raises the following two issues for our consideration:

1. Did the trial court err in declaring that Ruth Edwards was an underinsured motorist even though State Farm was obligated to pay the full amount of any judgment entered against her and in favor of the Piotrowskis?

2. Did the trial court err in refusing to declare that the credit available to IDS with respect to the claim for underinsured motorist benefits asserted by the Piotrowskis was $485,000 when they stipulated that they were paid that amount in settlement of their personal injury claim against Edwards and the policy issued to the Piotrowskis expressly provided that IDS was entitled to a credit for all amounts paid to the Piotrowskis by or on behalf of the tortfeasor?

*See* IDS' Brief at 2.

Our standard of review in a declaratory judgment action is narrow. "In reviewing a declaratory judgment action, we are limited to determining whether the trial court clearly abused its discretion or committed an error of law. An appellate court may not substitute its judgment for that of the trial court if the determination of the trial court is supported by competent evidence." *Vernon Twp. Volunteer Fire Dept. v. Connor*, 855 A.2d 873, 879 (Pa. 2004). "We review the decision of the trial court as we would a decree in equity and set aside factual conclusions only where they are not supported by adequate evidence. We give plenary review, however, to the trial court's legal conclusions." *Universal Health Services, Inc. v. Pennsylvania Property and Cas. Ins. Guar. Ass'n*, 884 A.2d 889, 892 (Pa.Super.2005) (internal citations omitted).

Upon consideration of the record, the parties' briefs, the trial court's opinion and applicable law, we conclude that the trial court, in its decision dated September 13, 2017, cogently addressed the issues raised by IDS on appeal, and that no further discussion by this Court is necessary. Accordingly, we adopt the trial court's opinion entered on September 13, 2017 as our own (finding Ruth Edwards was an underinsured motorist and IDS was entitled to credit of $100,000 on the Piotrowski's claim). In the event of future proceedings, the litigants shall attach a copy of the opinion to any filings.

Judgment affirmed.

J-A04016-19

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/28/19

- 5 -